# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LING XU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 11-0181-CV-W-FJG-P |
| ) | Crim. No. 07-00196-01-CR-W-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Currently pending before the Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence (Doc. No. 1).

## I. BACKGROUND

On May 31, 2007, a grand jury indicted Xu and multiple other defendants. On March 11, 2008, a superseding indictment was filed, charging Xu with: 1) participating in a criminal conspiracy, in violation of 18 U.S.C. § 371; 2) aiding and abetting others while knowingly transporting or attempting to transport at least one individual in interstate and foreign commerce with the intent that such individual engage in prostitution, in violation of 18 U.S.C. § 2421 and § 2; and 3) criminal forfeiture, pursuant to 18 U.S.C. 2428.

On August 21, 2008, Xu plead guilty on all counts through a plea agreement with the Government. The plea agreement provides that Xu forfeits her rights to appeal or to collaterally attack her sentence on any ground, other than a sentence exceeding the statutory maximum or an illegal sentence. Xu certified to the Court that she understood all of the terms in the plea agreement. Xu's sentence of 98 months imprisonment became final on November 15, 2009. On April 22, 2010 Xu received a letter notifying her that she was no longer needed as a witness in a separate investigation. On February 14, 2011, Xu filed the instant motion seeking to reduce her sentence in light of her participation in the separate investigation.

## II. STANDARD

A one-year period of limitation applies to a Motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f) provides, in relevant part:

The limitation period shall run from the latest of--

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The district court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court can deny a hearing if the claim is "inadequate on its face, or if the record affirmatively refutes the factual assertions upon which it is based." <u>Shaw v. United States</u>, 24 F.3d 1040, 1043 (8th Cir. 1994).

## III. DISCUSSION

### A. Motion Timeliness

The Government argues that Xu's motion is untimely pursuant to § 2255(f)(1), as it was filed more than a year after her sentence was deemed final. However, subsection (4), allowing the motion to be filed within a year from the date on which facts supporting the claim could be discovered through due diligence, also applies to this case. Xu could not discover that the Government would not file a reduction of sentence motion on her behalf until April 22, 2010, when Xu was notified she was no longer needed in the

separate investigation. (*See* Exhibit 3 notifying Xu that the last defendant in the case made a guilty plea).

The statute applies the latest of the two dates to the limitation period. Therefore, Xu is allowed to challenge her sentence under § 2255 within one year of April 22, 2010. The February 14, 2011 file date meets this requirement, and the Court finds that Xu's motion is timely.

### B. Right to Appeal Sentence

The Government argues that Xu's motion should be dismissed, because it is barred by the terms of the plea agreement. Appeal waivers in plea agreements are enforceable by law when the defendant knowingly and voluntarily enters the agreement and the waiver, unless an injustice would result from enforcement. <u>United States v. Andis</u>, 333 F.3d 886, 889-90 (8th Cir.) <u>cert. denied</u>, 540 U.S. 997 (2003).

Xu's plea agreement states:

> "The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence."

(Plea Agreement ¶ 15(b)).

Xu does not allege that she misunderstood or involuntarily accepted the plea agreement. Nothing in the record reflects her dissatisfaction with the terms as written, including the appeal waiver. Xu signed the plea agreement stating that she knowingly and voluntarily accepted all terms of the plea agreement. No injustice will result from its enforcement.

Additionally, Xu's appeal does not fall within the exception to the appeal waiver. The waiver provides that Xu is allowed to appeal her sentence if the sentence was illegal or in excess of the statutory maximum. Xu does not allege either. Consequently, Xu's motion to vacate her sentence is precluded by the appeal waiver.

Notwithstanding the waiver, there is no provision in the plea agreement promising a reduced sentence for cooperation. The plea agreement provides:

> "The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party."

(Plea Agreement ¶ 21).Therefore, the Government did not breach the plea agreement by not moving this Court to reduce the sentence.

### IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) and that movant will be denied a motion for certificate of appealability.

**IT IS SO ORDERED.**

Date: June 12, 2012                         **/S/FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                                    Chief United States District Judge